## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LAURIANNA SOMONTE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. SA-16-CA-1056-FB** |
| | § | |
| | § | |
| **BEXAR COUNTY HOSPITAL DISTRICT** | § | |
| **d/b/a University Health System, and A.J.** | § | |
| **SANDOVAL, CHIEF OF BEXAR COUNTY** | § | |
| **HOSPITAL DISTRICT POLICE** | § | |
| **DEPARTMENT** | § | |
| **Defendants** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Laurianna Somonte, hereinafter referred to as "Plaintiff", complaining of the Bexar County Hospital District d/b/a University Health System ("UHS"), and A.J. Sandoval, Chief of Bexar County Hospital District Police Department ("Sandoval") hereinafter called by name or collectively referred to as "Defendants", and for cause of action would respectfully show unto the Court and jury as follows:

## I.      PARTIES AND VENUE

1.      Plaintiff, Laurianna Somonte, is a resident of Bexar County, Texas.

2.      Defendant Bexar County Hospital District d/b/a University Health System ("UHS") has been served and has made an appearance in this case.

3.      Defendant A.J. Sandoval is a resident of Bexar County, Texas and may be served with process at his place of business, 4502 Medical Drive, San Antonio, Texas 78229.

4.      Venue is proper in Bexar County, Texas, because all of the events made the basis of this lawsuit occurred in Bexar County, Texas.

5.      This Court has jurisdiction over the subject matter of this lawsuit because Plaintiff seeks damages as a result of alleged violations of federal statutes.

## II.      FACTUAL ALLEGATIONS

6.      The injuries and damages suffered by Plaintiff and made the basis of this cause of action arose out of Plaintiff's employment as a Critical Care technician with the University Health System (UHS).  During the entire period of Plaintiff's employment, Plaintiff has been a loyal, dedicated and hard-working employee whose efficient service has made a contribution to her and her employer's goals.   Plaintiff's employment was terminated on March 30, 2015.   While employed with UHS, Plaintiff was falsely accused of inappropriate contact with a juvenile patient while working in the pediatric ICU.  The accusation was made by the mother of the juvenile patient.  As a result of the false accusation, Plaintiff was escorted to UHS security by two charge nurses (although she was not told why this was happening, nor anything about the false accusation), and then sent home õfor her own safety and for her own protectionö by her charge nurse.  Plaintiff then gave a statement to UHS police on November 1, 2013.  At this time, she was told by the UHS police that she had done nothing wrong.

5.      Plaintiff had worked for UHS for twelve years at the time of her unlawful termination on March 30, 2015.  Plaintiff used three hundred sixty (360) hours of PTO as a result of the false accusation, and was placed on õassigned leaveö by UHS.  She was then placed on õmedical leaveö on December 4, 2013 (which was approved on February 25, 2014) due to her extreme mental state associated with the false accusations and subsequent interruption in employment.  She was also advised on February 5, 2014 that, according to UHS policy, Ms.

Somonte was placed on "assigned leave" because the allegations involved "claims of abuse, illegal, unprofessional or unethical conduct towards a patient", and would remain in that status until the resolution of the investigation by UHS and the Bexar County Hospital District Police Department.  On August 11, 2014, Ms. Somonte was approved for Long Term Disability (LTD) insurance benefits by Reliance Standard Life Insurance Co.

6.     Ms. Somonte was also being treated by University Health System, Behavioral Health Clinic for depression and anxiety stemming from the false accusations and subsequent interruption in employment from November 2013 through February of 2016 during which she suffered from suicidal ideations.   Her treatment has continued with a diagnosis of major depressive disorder, single episode, severe degree; anxiety disorder; and posttraumatic stress disorder stemming from being "accused of professional misconduct that is very upsetting and feeling hopeless about resolution or rectifying the problem".

7.     Ms. Somonte was informed on February 26, 2014 by the UHS Employee Relations Manager via certified mail that she was on "assigned leave" effective February 26, 2014 "pending an investigation" since her FMLA continuous leave had closed.  However, during the period from October 30, 2013 to February 26, 2014, she was not allowed to return to work because, according to UHS policy, she was placed on "assigned leave" because the allegations involved "claims of abuse, illegal, unprofessional or unethical conduct towards a patient", and "would remain in that status until the resolution of the investigation by UHS and the Bexar County Hospital District Police Department".

8.     On March 19, 2015, Ms. Somonte was informed by the UHS Employee Relations Manager that she had been placed on assigned leave on December 4, 2013, "pending a final disposition from the District Attorney's Office".  She was also told that her "employment with

3

University Health System will conclude" if she did not inform UHS of the final disposition by the District Attorney's Office by Friday, March 27, 2015 at 1:00 p.m.

9.      Meanwhile, Ms. Somonte had retained a criminal attorney to attempt to find out what, if anything was being done at the District Attorney's Office regarding her case. The criminal attorney was continually told that there was no case involving Ms. Somonte. Although she had communicated this information to UHS prior to this time, she was not able to inform UHS of a "final disposition" by March 27, 2015 because they could not locate the case. On March 31, 2015, Ms. Somonte was informed by UHS that her employment with University Health System concluded effective March 30, 2015 because she was asked to provide UHS with the results of a Final Disposition from the District Attorney by March 27, 2015 and had failed to provide UHS with the results of a Final Disposition.

10.     Much to the detriment of the mental and physical well-being of Ms. Somonte, she continued to be left in the dark regarding any criminal investigation being conducted on the case involving the false accusations by the juvenile patient's mother. Her criminal attorney was likewise unable to get any information in this regard. On October 15, 2015, Ms. Somonte went to the Bexar County Sheriff's office and obtained a Bexar County Criminal Justice System Event Log Display which indicated that that *UHS had not even filed the case until March 12, 2015, seven days before UHS informed Ms. Somonte that she would be terminated if she did not inform them of the results of a final disposition*. The case was ultimately dismissed on May 7, 2015. Ms. Somonte did not become aware of these facts until October 15, 2016 when she was provided the log from the Criminal Justice Information System.

11.     Chief of Police, A.J. Sandoval of the Bexar County Hospital District Police Department d/b/a University Health System Department of Police/Protective Services failed to

4

follow written and well established policies and procedures in handling a complaint filed against Plaintiff with the Bexar County District Attorney's office.

12.     More specifically, Chief Sandoval was in communication with the Bexar County District Attorney's office and UHS Human Resources with respect to the alleged complaint lodged against Plaintiff.  However, Chief Sandoval ceased communication with the DA's office in August of 2014, and in spite of the duty to follow up with the DA (and UHS informing Ms. Somonte that she was on assigned leave until resolution of the investigation by UHS and the Bexar County Hospital District Police Department), failed to do so and further, did not communicate disposition facts to human resources, instead placing this burden on Ms. Somonte which resulted in her being terminated for not being able to communicate a final disposition by the deadline imposed by human resources. The specific policies and procedures violated by Chief Sandoval include, but are not limited to 4.04, 7.01, and 7.04 of the UHS Department of Police Policies and Procedures.  All of these events lead to Ms. Somonte being terminated without being given due process of law in violation of the Texas and United States constitutions.

### III.   ADMINISTRATIVE PROCEDURES

13.     The UHS and Chief Sandoval failed to follow its own directives, policies, procedures and rules in how the investigation was handled with respect to Ms. Somonte, including not allowing her the opportunity and access to an employee counselor.  In addition, the Bexar County Hospital District Police Department failed to follow procedures by not having an SAPD officer present for the interview with Ms. Somonte.  Other directives, policies, procedures and rules of UHS were violated with respect to Ms. Somonte to include, but are not limited to forcing her to drive home when she was in an extremely fragile mental state after being escorted by the charge nurse to security, as well as not allowing an employee Advocate to be present for

the interview with the Bexar County Hospital District Police Department.  Of course, the most egregious violation by Defendants consists of *UHS had not even filed the case until March 12, 2015, seven days before the Employee Relations Manager informed Ms. Somonte that she would be terminated if she did not inform them of the results of a final disposition*.  The specific policies and procedures violated include, but are not limited to 4.04, 7.01, and 7.04 of the UHS Department of Police Policies and Procedures.  All of these events lead to Ms. Somonte being terminated without being given due process of law in violation of the Texas and United States constitutions.

## IV.   CLAIMS FOR RELIEF

### *Civil Rights*

14.   At all times Defendants were state actors performing these acts against Plaintiff under the color of law.  Such actions were in violation of 42 U.S.C. §1983 which allows Plaintiff to recover from a state actor for violation of her civil rights.

15.   Defendants herein are not entitled to immunity because all of the actions set forth in this pleading violated the clearly established statutory and constitutional rights of Laurianna Somonte, of which a reasonable person would have, or should have, known.

### *Notice*

13.   All notice requirements required by statute or common law have been met or performed.

### *Respondent Superior*

27.   At all times relevant to this claim, Defendants Sandoval was employed by and/or was an agent of Defendant UHS.  Furthermore, the individuals were acting in the course and scope of, and in the furtherance of, their employment when they performed the acts described in

this Petition, not limited to due process violations.  Therefore, those causes of action are imputed to Defendant, UHS and as a result of their agents' conduct was a direct and proximate cause of the incident that made the basis of this suit.  There is sufficient personal involvement and causal connection between Defendant Sandoval and the violations and actions as described herein, and the complained of acts were carried out, in whole or in part, by Chief Sandoval as the policymaker of the Bexar County Hospital District Police Department.

### *Pendent State Claims*

14.    All causes of action listed are both individual causes and should also be incorporated into the allegations above concerning violation of  Plaintiff's constitutional rights under due process, equal protection, and 42 U.S.C. §1983. By failing to follow well established procedures and committing acts contrary to express statements made to Ms. Somonte with respect to the investigation and District Attorney while leaving Ms. Somonte on assigned leave without pay during this entire time and then terminating her employment, Defendants have denied Ms. Somonte her constitutional right to due process.  U.S. Const. Amend. XIV; Tex. Const. art. 1, § 19.  Further, by failing to follow policies and procedures with respect to the conduct of the investigation, Defendants have again denied Ms. Somonte her constitutional right to due process. U.S. Const. Amend. XIV; Tex. Const. art. 1, § 19.  The Texas Supreme Court has held that the procedural due process protections provided by the Texas Constitution mirror those provided under the Federal Constitution.  See *University of Tex. Med. Sch. V. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

## V.    ACTUAL DAMAGES

15.    As a result of the incidents described above, Plaintiff has incurred damages in the form of lost wages and her ability to return to her job, all of which are a constitutionally protected

property right.  As a result of Defendants' conduct described in this petition, Plaintiff has suffered, and will continue to suffer in the future from humiliation, embarrassment, and mental anguish and extreme anxiety.  Further, as a proximate result of Defendant's actions as described in this petition, Plaintiff has sustained financial losses resulting from the constitutional violations, including but not limited to lost wages, criminal attorney fees and expenses, for which she now sues.

Plaintiff also seeks expungement of all law enforcement and UHS records as they relate to the false accusations.

## VI.     **ATTORNEY FEES**

16.     Furthermore, as a result of Defendant's conduct described in this petition, Plaintiff has incurred attorney's fees related to the alleged criminal investigation, as well as the prosecution of the civil causes of action against Defendant which are reasonable and necessary, including all attorney fees for any appeal of this case, including but not limited to interlocutory or post judgment fees.  Fees are sought pursuant to 42 U.S.C. §1988.

## VII.     **JURY DEMAND**

17.     Plaintiff requests that this case be decided by a jury as allowed by FRCP 38. Plaintiff has paid the appropriate jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Laurianna Somonte respectfully prays that Defendants be cited to appear and answer herein and upon final trial, recover from and against Defendants for the following:

1.     Actual damages in an amount within the minimum jurisdictional limits of the Court;
2.     Prejudgment and post judgment interest at the maximum rates allowed by law;
3.     Attorney's fees;
4.     All costs of suit; and

5.      Such other and further relief to which the Court may deem just, both at law and equity.

Respectfully submitted,

Law Offices of Paul G. Vick
Paul G. Vick
SBN:  20563950
SPECTRUM CIRCLE
12703 Spectrum Drive, Suite 103
San Antonio, Texas 78249
(210)-735-1794
(210)-733-7510 FAX
ATTORNEYS FOR PLAINTIFF

By:      */s/ Paul G. Vick*
Paul G. Vick

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Laura A. Cavaretta
Erin R. McNiece
CAVARETTA, KATONA & LEIGHNER
One Riverwalk Place
700 N. St. Mary�s Street, Suite 1500
San Antonio, TX  78205

*/s/ Paul G. Vick*
Paul G. Vick